UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REV. TAMESHA N. BOYD,

        Plaintiff,

    -v-                                1:25-CV-0225

UNITED STATES GOVERNMENT,
et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

REV. TAMESHA N. BOYD
Plaintiff, *pro se*
9 O Connell Street
Albany, NY 12209

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On February 19, 2025, plaintiff Reverend Tamesha N. Boyd ("plaintiff"), acting *pro se*, commenced this action by filing a civil rights complaint alleging, *inter alia*, data exploitation, denial of health care, economic disenfranchisement, and the "denial of sovereignty" against the New York State Department of Education ("NYSDOE"), the United States Government (the "United States"), Albany County Department of Social Services

- 2 -

("ACDOSS"), President Donald J. Trump, in both his individual and official capacities ("President Trump"), Elon Musk ("Musk"), in both his individual and acting official capacities related to Department of Government Efficiency ("DOGE"), the Social Security Administration (the "SSA"), the Internal Revenue Service (the "IRS"), and the United States Department of Treasury (the "Treasury"). Dkt. No. 1. Along with her complaint, plaintiff also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On April 30, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4. Upon his review of the complaint, Judge Katz advised by Report & Recommendation ("R&R") that: (1) plaintiff's complaint should be dismissed without prejudice as untimely; [1] (2) insofar as plaintiff's complaint is *not* dismissed as untimely, it should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure ("Rules") 8 and 10; (3) plaintiff's complaint should be dismissed without prejudice and with leave to amend, so long as counsel is retained, to the extent that the complaint asserts claims on behalf of "Black Americans" and/or the "Black Nation"; and (4) insofar as plaintiff's complaint is not dismissed as either time barred or under Rules 8 or 10, that it be dismissed

---

[1] Specifically, Judge Katz advised that plaintiff be afforded leave to plead facts, insofar as they exist, that would support the Court's application of the continuing violation doctrine or equitable tolling. Dkt. No. 4.

*with* prejudice and without leave to amend as each defendant named in this action is immune from suit.[2]  Dkt. No. 4; *see infra*.  Judge Katz also advised that plaintiff, while permitted to file objections to the R&R, should await a ruling from this Court before submitting any amended pleadings.  *Id*.

Plaintiff has filed a series of letter motions in addition to formal objections to the R&R.  Dkt. Nos. 5–8.[3]  Upon *de novo* review, Judge Katz's R&R will be accepted and adopted in all respects.  *See* FED. R. CIV. P. 72(b).

Broadly construed, plaintiff argues that Judge Katz improperly dismissed her claims when he recommended dismissal *without leave to amend*.  *Id*.  Plaintiff contends that Judge Katz's R&R is a misapplication of 28 U.S.C. §

---

[2] Plaintiff brings claims against Trump in both his individual and official capacities.  It also brings claims against Musk in both his individual capacity as well as his acting official capacities related to the Department of Government Efficiency and his corporate interests.

[3] Plaintiff first letter motion, Dkt. No. 5, requests: (1) that her IFP status be reaffirmed; (2) a docket correction;[3] (3) to add additional named defendants; (4) to add a claim of retaliatory intervention with respect to certain SSA processes; and (5) a temporary restraining order and protective order against all defendants.  This motion includes attached letters, apparently from the SSA, terminating plaintiff's receipt of Disability Insurance Benefit ("DIB") payments beyond May 31, 2025.  *Id*.  Plaintiff's second letter motion, Dkt. No. 6, requests: (1) clarification regarding the R&R; (2) that certain pages of the R&R be stricken on the basis of their relatedness and/or relevance; (3) to "protect plaintiff's constitutional and statutory right[s] to due process, equal protection, and fair adjudication under 42 U.S.C. § 1981, the Civil Rights Act of 1866, and the Fifth and Fourteenth Amendments of the U.S. Constitution."  Plaintiff also appears to allege that the Court failed to directly address the merits of her complaint and that, in doing so, gave, or risked giving, the appearance of, *inter alia*, "complicity with systemic suppression of race-based legal remedies."  *Id*.  Plaintiff seeks written assurance that the Court has not acted pursuant to any executive policy or internal bias that would violate plaintiff's Constitutional rights.  *Id*.  Plaintiff's third letter motion, Dkt. No. 8, appears to allege procedural and substantive violations against various officials including judicial misconduct by United States District Judge Lawrence E. Kahn, judicial bias and intimidation by Judge Katz in his R&R, procedural delays and due process violations by the Courts, more broadly, disparate treatment, and racial bias.  *Id*.  But plaintiff offers only bare conclusions as to her claims against either Judge, nor does she offer any additional facts to support a legal claim for disparate treatment and/or racial bias.  Insofar as plaintiff's letter motions seek leave to amend, that request will be granted.  *Infra*.  Plaintiffs remaining requests will be denied.

- 3 -

1915, and that it was not designed to dismiss claims of the nature alleged in her complaint. Dkt. No. 7. Plaintiff also argues the language in the R&R reflects a "hostile judicial culture." *Id*. Finally, plaintiff alleges that defendants should not be granted immunity for "racialized, unconstitutional, and private" acts. *Id*. In addition, plaintiff argues the continuing violation doctrine applies to her claims because the violations she alleged in her complaint have continued, without end, since at least 2014. *Id*.

Even broadly construed, plaintiff's series of letter motions and formal objections fail to set forth any meritorious arguments that warrant disturbing Judge Katz's well-reasoned R&R. As an initial matter, the Court finds that Judge Katz properly applied 28 U.S.C. § 1915 to plaintiff's complaint. Dkt. No. 4. Indeed, plaintiff filed an IFP Application, Dkt. No. 2, which required Judge Katz to conduct a sufficiency review of plaintiff's complaint. See 28 U.S.C. § 1915(e). Further, upon careful review, the Court finds the entirety of Judge Katz's R&R to be devoid of intimidation, impropriety, or bias. *See generally* Dkt. No. 4. To the contrary, Judge Katz conducted a fair reading of plaintiff's pleadings and used legal terms entirely in the context of a legal matter. Further, to use such terms is not, in this Court's view, indicative of, or tantamount to, hostility.

Judge Katz also correctly advised that each of plaintiff's claims, as pleaded, be dismissed on jurisdictional grounds. First, insofar as plaintiff, a

non-attorney, sought to bring claims on behalf of her children, those claims are to be dismissed. Judge Katz further correctly advised that, insofar as plaintiff's complaint attempts to bring claims on behalf of the "Tribe as Black Americans [and] as a Black Nation," those claims must be dismissed for the very same reason. While litigants in federal court have a statutory right to act as their own counsel, proceeding *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." *Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61 (2d Cir. 1990). But "non-attorney parent[s] must be represented by counsel in bringing an action on behalf of [their] child[,]" *id.*, or "on another's behalf in the other's cause." *Ianaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Next, Judge Katz also correctly advised that plaintiff's claims against all defendants should be dismissed with prejudice as each defendant is immune from suit. Dkt. No. 4 at 10–12. Specifically, Judge Katz properly advised that plaintiff's claims against NYSDOE and ACDOSS should be dismissed with prejudice because defendant, as an agency of New York State, is immune from suit in federal court under the Eleventh Amendment. Dkt. No. 4 at 10–12. Next, Judge Katz correctly advised that plaintiff's claims against the remaining defendants—the United States Government and its relevant agencies and officers as named above—should also be dismissed with prejudice on the basis of sovereign immunity. *Id.* at 12–13. Finally, Judge

- 5 -

Katz correctly advised that plaintiffs' claims against President Trump and Musk in their individual capacities should be dismissed with prejudice, as plaintiff failed to plausibly allege any facts to suggest that either defendant engaged in conduct outside the scope of their employment and/or duties as an officer of the United States. *Id.* at 13–14. Accordingly, these claims will be dismissed.

Therefore, for substantially the reasons stated *supra*, the Court finds plaintiff's remaining arguments regarding a continuing violation are moot as she has failed to allege claims against a single defendant who is not immune from suit. Nevertheless, given their *pro se* status, this Court will *sua sponte* grant plaintiff thirty (30) days from the date of the entry of this Decision and Order to submit a proposed amended complaint, consistent with the rulings in this Order, for the Court's review and consideration.[4] If plaintiff fails to submit a proposed amended complaint within thirty (30) days of the entry of this Decision and Order, this matter will be closed.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 4) is ACCEPTED and ADOPTED in all respects;

---

[4] As Judge Katz advised, any amended complaint must be a complete and separate pleading. Plaintiff must state all of her claims in the new pleading and may not incorporate by reference any part of her original complaint. Dkt. No. 4 at 15.

2. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted;

3. Plaintiff's letter motions (Dkt. Nos. 5–8) are DENIED; and

4. Plaintiff shall have **thirty (30) days** from the date of the entry of this Order to submit a proposed amended complaint, consistent with this Order, for the Court's review; and

5. If plaintiff fails to submit a proposed amended complaint within **thirty (30) days** of the entry of this Order, this action shall be closed without further Order of the Court;

6. The Clerk of the Court shall mail a copy of this Order to plaintiff by regular mail.

The Clerk of the Court is directed to terminate the pending motions (Dkt. Nos. 4, 5, 6, 8).

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: July 9, 2025
       Utica, New York.